**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

APPLIED CAPITAL, INC,

      Plaintiff,

vs.                                                                    No. CV-05-0098 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES, INC.;
GERALD LEE SCOGINS, JR; GRIZZLY DRILLING, INC;
JUSTIN HERMAN; NEW ENERGY CO., L.L.C.; and
EDWARD L. PRESLEY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff Applied Capital, Inc.'s Motion to Compel Discovery from Francis Gibson, filed September 21, 2006 (Doc. 139)("Motion to Compel"). The primary issue is whether the Court should compel answers to six interrogatories that Defendant Francis Gibson has not answered, and responses and documents responsive to five requests for production to which he has not responded. Because Gibson has not responded to the discovery requests, because he has not filed any responses in opposition to this motion to compel, and because the discovery reasonably appears to seek relevant and admissible evidence, the Court will grant the motion, and order Gibson to answer Applied Capital's interrogatories, respond to the requests for production, and produce the documents that Applied Capital requested on or before ten days from the date of the entry of the order.

**PROCEDURAL BACKGROUND**

On August 8, 2006, Applied Capital served Gibson with Plaintiff Applied Capital's First Set of Interrogatories, Requests for Admission, and Requests for Production. See Motion to Compel, Exhibit 1, Certificate of Service at 1, filed August 8, 2006 (Doc. 127)  The deadline for Gibson to respond to the discovery requests was thirty days from the date of service, plus three days for mailing – September 10, 2006. See D.N.M.LR-Civ. 26.4(b); Fed. R. Civ. P. 6(e). Gibson has not responded to the discovery requests.

On September 14, 2006, Applied Capital's counsel wrote Gibson, placing him on notice that he had not responded to these discovery requests within the deadline that the Federal Rules of Civil Procedure have established. See Letter from Henry M. Bohnhoff to Francis Gibson (dated September 14, 2006). Applied Capital represents that, to date, Gibson has not answered the interrogatories or responded to the document requests, or otherwise responded to the August 8th discovery request or the September 14th correspondence. See Motion to Compel at 2.

Applied Capital sent the discovery requests and correspondence to Gibson at the street address that Gibson's former counsel provided the Court at the time he withdrew from representing Gibson. Applied Capital represents that it believes this address is still valid for Gibson. See id. The post office has not returned either the August 8th discovery requests nor the September 14th correspondence, nor any other document that Applied Capital has served on Gibson during the course of this litigation. See id.

Applied Capital moves the Court for an order compelling Gibson to answer and otherwise respond to discovery requests that Applied Capital has served upon him. See id. at 1. Applied Capital requests that the Court enter an order compelling Gibson immediately to answer interrogatory

numbers 1 through 6, and to respond to document request numbers 1 through 5. See id. at 2. Applied Capital certifies that it has attempted in good faith to confer with Gibson to secure the requested information and material by writing him on September 14th, but that Gibson has not responded in any manner to the correspondence from Applied Capital's counsel. See id.

On October 11, 2006, Applied Capital filed a Notice of Failure to Respond to Motion to Compel Discovery from Francis Gibson. See Doc. No. 141 ("Notice of Failure to Respond"). Applied Capital notified the Court therein of Gibson's failure to respond in any manner to the Motion to Compel that Applied Capital filed with the Court and served on him on September 21, 2006. See id. at 1. Accordingly, Applied Capital submitted with its Notice a proposed order that would grant its motion to compel. See Proposed Order at 1, attached to Notice of Failure to Respond.

### **RULE 37(a)(2)(B)**

Rule 37(a)(2)(B) provides that, if a party fails to answer an interrogatory submitted under rule 33 or fails to respond to a document request submitted under rule 34, the discovering party may move for an order compelling an answer to the interrogatory and inspection in accordance with the request. See Allahverdi v. Regents of Univ. of N.M., No. 05-0277, 2006 WL 1304874, slip op. at *1-5 (D.N.M. April 25, 2006)(Browning, J.)(applying rule 37(a)(2)(B)); Martinez v. Cornell Corrs. of Tex., 229 F.R.D. 215, 219-20 (D.N.M. 2005)(Browning, J.)(same); Fed. R. Civ. P. 37(a)(2)(B). The motion to compel must include a certification that the movant has conferred or attempted to confer with the party failing to make the discovery in good faith without court action. See Lafleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003)("Rule 37(a)(2)(B) requires a good faith conference or attempt . . . ."); Fed. R. Civ. P. 37(a)(2)(B). Rule 37(a)(2)(B) reflects the federal judicial system's preference for forcing full disclosure. See Olympic Refining Co. v. Carter, 332 F.2d 260, 264 (9th

Cir. 1964). Discovery plays a particularly important role in our adversarial system – full development of the facts surrounding a matter furthers the "quest for truth." See Fed. Deposit Ins. Corp. v. Daily, 973 F.2d 1525, 1529-30 (10th Cir. 1991). Rule 37(a)(2)(B) provides the parties and the court with a mechanism to ensure that discovery continues to play its important role.

## ANALYSIS

The Motion to Compel concerns Gibson's failure to respond to discovery requests that Applied Capital served on him on August 8, 2006. To date, Gibson has not responded to the underlying discovery requests. Pursuant to Local Rule 7.1(b), Gibson's failure to file and serve any response in opposition to Applied Capital's Motion to Compel on or before October 10, 2006 constitutes his consent to the granting of the motion to compel.

Nevertheless, to be fair to the pro se defendant, and before entering this order, the Court carefully reviewed the motion and the written discovery that Applied Capital served on Gibson on August 8, 2006. Applied Capital has provided the Court with its discovery requests without the exhibits. The requests appear reasonable and not unduly burdensome.

The Court takes notice of Applied Capital's Certificate of Service for the discovery it served on Gibson. The deadline for Gibson to respond to the discovery requests was September 10, 2006. The Court has also reviewed the September 14th letter from Applied Capital's counsel. Gibson appears not to be participating in, or facilitating, discovery in this case.

In sum, the Court finds that the motion is well taken and will grant it. Gibson cannot ignore discovery requests, filings, and correspondence from Applied Capital. Applied Capital is entitled to the discovery it requests.

**IT IS ORDERED** that Plaintiff Applied Capital, Inc.,'s Motion to Compel Discovery from

Francis Gibson is granted. Gibson shall, within ten days of the date of this order, answer interrogatory numbers 1 through 6, and respond to document request numbers 1 through 5 and provide all documents responsive to these requests.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Henry M. Bohnhoff
Bryan J. Davis
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Francis Gibson
Hailey, Idaho

 *Defendant Pro Se*

Michael Alarid, Jr.
The Alarid Law Firm, P.C.
Albuquerque, New Mexico

 *Attorney for the Defendant Gary Bellinger*

Robert A. Johnson
Johnson & Nelson, PC
Albuquerque, New Mexico

 *Attorney for the Defendants Kirk Voyles and Heritage Commercial Services, Inc.*

Brian Ambrose
Laguna Beach, California

 *Defendant Pro Se*

 Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

 *Defendant Pro Se*

Justin Herman
Pittsburgh, Pennsylvania
or Lake Worth, Florida

 *Defendant Pro Se*

New Energy Co., L.L.C.
Sheridan, Wyoming

 *Defendant Pro Se*

Edward Presley
Sheridan, Wyoming

 *Defendant Pro Se*