IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

       Plaintiff,

vs.                                           No. CIV-05-00098 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES,
INC.; GERALD LEE SCOGIN, JR.;
GRIZZLY DRILLING, INC.; JUSTIN
HERMAN; NEW ENERGY CO., L.L.C.,
and EDWARD L. PRESLEY,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff Applied Capital, Inc.'s Motion for

Sanctions and/or to Compel Against Defendant Francis Gibson, and Memorandum Brief in Support

Thereof, filed October 25, 2006 (Doc. 143)("Motion for Sanctions/to Compel"). The primary issue

is whether the Court should enter a default judgment for Applied Capital and against Gibson because

he failed to appear for his deposition. Because the Court concludes that Gibson should bear Applied

Capital's expenses for traveling to the deposition and preparing this motion, but because the Court

is not yet prepared to enter judgment in this case, the Court will grant the motion in part, grant certain

of Applied Capital's fees and costs, and require Gibson to appear for his deposition in Albuquerque

within thirty days of this order; the Court will otherwise deny Applied Capital's motion for a default

judgment.

**PROCEDURAL BACKGROUND**

Applied Capital represents that its understanding is that, before and since the inception of this litigation, Gibson has lived in Hailey, Idaho. See Motion for Sanctions/ to Compel at 1-2. Applied Capital located Gibson and served him with process in Hailey. See id. at 1. On August 9, 2006, Applied Capital served written discovery requests on Gibson. See id.

Applied Capital alleges that Gibson has not responded to its written discovery requests. See id. On September 21, 2006, Applied Capital filed a motion to compel Gibson to provide this discovery. See Motion to Compel Discovery from Francis Gibson, filed September 21, 2006 (Doc. 139). Applied Capital alleges that Gibson has not responded to that motion. See Motion For Sanctions/to Compel at 1.

Applied Capital scheduled Gibson's deposition for the purpose of interrogating him about the allegations of fraud and other improper conduct described in Applied Capital's Complaint. On September 28, 2006, Applied Capital served on Gibson a notice that it would take his deposition on Thursday, October 19, 2006, beginning at 9:00 a.m., at the courthouse in Twin Falls, Idaho. See Notice of Deposition (served September 28, 2006). Twin Falls is within 100 miles of Hailey. See Fed. R. Civ. P. 45(B)(2); Motion for Sanctions/to Compel at 2. On October 6, 2006, Applied Capital served on Gibson an Amended Notice that the deposition would begin at 10:00 a.m. on the same day. See Amended Notice of Deposition (served October 6, 2006).

Applied Capital represents that it believes that Gibson received the September 28, 2006 deposition notice. See Motion for Sanctions/to Compel at 2. First, Applied Capital mailed the deposition notice to the address that Gibson's former counsel provided for Gibson when he filed his motion to withdraw on December 14, 2005. See id. Second, this address is the same that counsel

for Applied Capital has been using since the date Gibson's former counsel withdrew and Applied Capital's counsel began sending copies of papers directly to Gibson. See id. Applied Capital alleges that the post office has not returned any of this mail as undeliverable. See id. Third, Applied Capital represents that the post office did not return the deposition notice as undeliverable. See id. Fourth, Applied Capital maintains that Gibson has not advised the Court or counsel for Applied Capital that they should use a different address to communicate with him. See id.

Gibson did not file a notice of non-appearance or motion for protective order to prevent or postpone the taking of his deposition. Applied Capital's counsel alleges that Gibson did not notify them that he could not or would not attend the deposition, and he also did not contact Applied Capital's counsel or the court reporter to advise that he was delayed, could not find the courthouse at which the deposition was scheduled, or otherwise was having any problems in appearing for his deposition. See id.

Applied Capital represents that it went to considerable expense arranging for its counsel to travel to Twin Falls for the purpose of taking Gibson's deposition. See id. at 3. Applied Capital alleges that its counsel traveled to Twin Falls and was prepared to take Gibson's deposition at the noticed location on Thursday, October 19, 2006. See id. at 2. Applied Capital's counsel allegedly arrived at the deposition location at approximately 8:45 p.m. – before the original start time – and waited until 10:30 a.m. See id. at 2-3. Gibson did not, however, appear for his deposition. See Motion for Sanctions/to Compel, Exhibit 3, Court Reporter's Transcript at 3:1-6:5 (taken October 19, 2006).

On October 25, 2006, Applied Capital filed a Motion for Sanctions and/or to Compel with the Court and served the motion on Gibson. See Motion for Sanctions/to Compel at 1. The motion

concerns Gibson's failure to appear for his deposition on Thursday, October 19, 2006. See id. at 1-4.

Applied Capital moves the Court for an order imposing sanctions against Gibson or, in the alternative,

compelling him to appear in Albuquerque for his deposition. See id. at 1, 3-4. As a sanction for his

failure to appear for his deposition, Applied Capital requests the Court to enter a default judgment

against Gibson. See id. at 3. In the alternative, Applied Capital requests the Court to order Gibson

to appear in Albuquerque within 30 days of the date of the Court's order and submit to a deposition

by Applied Capital. See id. In addition, Applied Capital requests the Court to order Gibson to

reimburse Applied Capital for the expenses its counsel incurred traveling to Twin Falls for the

October 19 deposition, and also for the attorneys' fees that were incurred in connection with that

travel and appearing for that day. See id. at 3-4. Finally, Applied Capital requests the Court to order

Gibson to reimburse Applied Capital for the attorneys' fees incurred in bringing this motion. See id.

Applied Capital represents that it "anticipates that in the near future it will be seeking entry

of default judgments against the other Defendants; Applied Capital states that it understands that this

procedure is a precondition to entry of a default judgment against any of the Defendants herein." See

Motion for Sanctions/ to Compel at 3 n.1; 10 J. Moore, Moore's Federal Practice § 55.25 (3d ed.

2006). Applied Capital states that, in the event the Court does not grant this relief, then in the

alternative, and pursuant to rule 37(b)(2)(A), the Court should order that those allegations set forth

in paragraphs 2, 12, 17, 19-31, 35-41, 55, 58-63, and 65-70 of Applied Capital's June 30, 2006

Fourth Amended Complaint are established against Gibson for purposes of this action. See Motion

for Sanctions/ to Compel at 3 n.1.

The deadline for Gibson to respond to the instant motion has passed and Gibson has not filed

any response. See D.N.M.LR-Civ. 7.1(b)(noting that failure to respond to an opposed motion within

14 days constitutes consent to grant the motion). On November 14, 2006, Applied Capital filed a

Notice of Failure to Respond to Motion for Sanctions and/or to Compel Against Defendant Francis

Gibson (Doc. 151)("Notice of Failure to Respond"), notifying the Court of Gibson's failure to

respond in any manner to the Motion for Sanctions and/or to Compel that Applied Capital filed with

the Court and served on him on October 25, 2006. See Notice of Failure to Respond at 1. Applied

Capital submitted with its Notice a proposed order that would grant its motion. See id. attached

Order.

**RULE 37**

"An appellant's pro se status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan

County, 32 F.3d 452, 455 (10th Cir. 1994)(citing Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.

1994)). "Even a pro se litigant must follow the same rules of procedure that govern other litigants."

Santistevan v. Colo. Sch. of Mines, 150 Fed. Appx. 927, 931 (10th Cir. 2005)("Further, we find

support for the district court's finding of willful failure to comply with court orders. Plaintiff was

obligated by court rules to notify the court of any address change, yet he failed to keep in contact

with his attorney or the court.")(citation and internal quotations omitted). "Although dismissal is .

. . a drastic sanction," the Tenth Circuit has "repeatedly upheld dismissals in situations where the

parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d

915, 917 (10th Cir. 1992)(citation omitted).

Rule 37(d) of the Federal Rules of Civil Procedure provides:

If a party . . . fails (1) to appear before the officer who is to take the deposition after
being served with proper notice, . . . the Court in which the action is pending on
motion may make such orders in regard to the failure as are just, and among others

it may take any action authorized under (A), (B), and (C) of subdivision (b)(2) of this rule. . . .  In lieu of any order or in addition thereto, the Court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(d).  Rule 37(b) provides that sanctions are available against a party who fails to obey a court order issued pursuant to a motion to compel filed under rule 37(a).  The sanctions available to the Court pursuant to rule 37 include: (i) deeming established certain facts that the moving party was seeking to establish; (ii) prohibiting the disobedient party from introducing certain matters into evidence; (iii) striking pleadings; (iv) issuing a stay until the order is obeyed; (v) dismissing the action; or (vi) treating the disobedient party's failure to comply as contempt of court. See Fed. R. Civ. P. 37(b)(2)(A)-(D).

The United States Court of Appeals for the First Circuit has stated concerning sanctions:

To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme. See Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988). We have recognized, however, that disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct. Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).  Still, dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation. See Tower Ventures, 296 F.3d at 46.

Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

Before imposing dismissal as a sanction, the court must consider the following factors:

The degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. Id. These factors do not constitute a "rigid test," but

rather represent criteria to guide the court in its decision. <u>Ehrenhaus v. Reynolds</u>, 965
F.2d 916, 921 (10th Cir. 1992). . . .  Only when these factors outweigh the judicial
system's strong predisposition to resolve cases on their merits is dismissal an
appropriate sanction. <u>Id.</u>

<u>Connelly v. Kehoe</u>, No. 96-2284, 1998 U.S. App. LEXIS 1951, at *5-6 (10th Cir. February 12,

2006)(affirming dismissal of case as sanction, where plaintiff "repeatedly failed to cooperate in the

discovery process and obey court orders and rules, which [] resulted in delaying [the] proceedings"

and where "[d]espite the Magistrate's explicit warning of dismissal, [plaintiff] failed to comply with

the discovery order, missed a scheduled settlement conference, and failed to timely file responses to

defendants' summary judgment motions").

## ANALYSIS

Applied Capital moves the Court to enter an order sanctioning Gibson by entering a default

judgment against him or, in the alternative, compelling him to appear in Albuquerque to give his

deposition and awarding Applied Capital its attorneys' fees.  Pursuant to Local Rule 7.1(b), Gibson's

continuing failure to file and serve any response in opposition to Applied Capital's motion to compel

constitutes his consent to the granting of Applied Capital's motion.   Gibson otherwise has not

contacted Applied Capital or its counsel concerning his deposition or the motion.  Under Local Rule

7.4, a movant must request the concurrence of a pro se party and must recite that concurrence was

refused or explain why concurrence could not be obtained.  <u>See</u> D.N.M.LR-Civ. 7.4.  Because Gibson

has not responded to Applied Capital's past filings and correspondence, the Court will assume that

the seeking of concurrence here would not have been fruitful and will consider the motion despite

Applied Capital's apparent non-compliance with Local Rule 7.4.

While the Court could grant Applied Capital's motion because Gibson is, by local rule,

deemed to have consented to it, the Court has, to be as fair as possible to this pro se defendant, reviewed the substance of the motion before granting it.  The Court finds that the motion is also well taken and that the Court should grant the motion, at least in part.  Unless he is willing to present himself in Albuquerque promptly for his deposition, Gibson should reimburse Applied Capital for the costs and fees it has incurred in traveling to Idaho for the deposition, and, in any case, for preparing this motion.  Gibson also needs to make arrangements to come to Albuquerque within thirty days of this order to have Applied Capital take his deposition.

The Court will not at this time, however, enter a default judgment against Gibson.  Rule 37 gives the Court a range of sanctions and options from which to choose to try to assure that parties meet their discovery obligations, and the Court should not go to the most draconian sanction unless and until the Court is convinced that it has no other reasonable choice.  The case is still relatively early in its proceedings, and the federal courts strongly prefer to decide cases on the merits.  Also, the Court believes that, because it is dealing with a pro se Defendant who is residing out of state, it would be best to put him on clear notice of the consequences of disregarding his discovery obligations and disobeying court orders before using the ultimate sanction – a default judgment – against him.

Gibson should be aware that the federal courts take discovery in civil cases very seriously, and that he cannot continue to ignore discovery requests and discovery motions without there being serious consequences.  If Gibson does not comply carefully with the requirements of this Order, the Court may deem Gibson as admitting certain portions of Applied Capital's Complaint and/or enter default judgment against Gibson.

**IT IS ORDERED** that Plaintiff Applied Capital, Inc.'s Motion for Sanctions and/or to Compel against Defendant Francis Gibson is granted in part and denied in part.  Gibson shall appear

in Albuquerque for his deposition within thirty days from the date of this order, on a date that Applied

Capital selects.  Gibson is also ordered to reimburse Applied Capital for: (i) the expenses its counsel

incurred traveling to Twin Falls for the scheduled October 19, 2006 deposition of Gibson; (ii) the

attorneys' fees that its counsel incurred in connection with traveling to and from Twin Falls and

appearing for the deposition that day; and (iii) for the attorneys' fees its counsel incurred in bringing

this motion.  Gibson need not reimburse Applied Capital for the expenses set forth in (i) and (ii) of

the prior sentence if he makes himself available for a deposition in Albuquerque as this order requires,

except that Gibson shall remain liable to Applied Capital for the time that its counsel spent attending

the deposition and making a record in Idaho and for the cost of the court reporter in Idaho.  If

Applied Capital and Gibson cannot agree on the amount to be reimbursed, Applied Capital may file

a motion for an award of its costs and attorneys' fees within ten days of the date of this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Henry M. Bohnhoff
Bryan J. Davis
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Francis Gibson
Hailey, Idaho

     *Pro se Defendant*

Mike Alarid, Jr.
The Alarid Law Firm, P.C.
Albuquerque, New Mexico

     *Attorney for Defendant Gary Bellinger*

Brian Ambrose
Laguna Beach, California

     *Pro se Defendant*

Robert A. Johnson
Johnson & Nelson, P.C.
Albuquerque, New Mexico

     *Attorney for Defendants Kirk Voyles and*
     *Heritage Commercial Services, Inc.*

Gerald Lee Scoggin, Jr.
Lawrenceville, Illinois

     *Pro se Defendant*

Justin Herman
Geotech Thermal Generator, Inc.
Delary Beach, Florida
 -- and --
Pittsburg, Pennsylvania

     *Pro se Defendant*

New Energy Co. LLC
Sheridan, Wyoming

     *Pro se Defendant*

Edward Presley
New Energy Co. LLC
Sheridan, Wyoming

     *Pro se Defendant*