# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

       Plaintiff,

vs.                                     No. CIV-05-00098 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES,
INC.; GERALD LEE SCOGIN, JR.;
GRIZZLY DRILLING, INC.; JUSTIN
HERMAN; NEW ENERGY CO., L.L.C.,
and EDWARD L. PRESLEY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Applied Capital, Inc.'s Motion for

Sanctions and/or to Compel Against Defendant Gerald Lee Scogin, Jr., and Memorandum Brief in

Support Thereof, filed October 25, 2006 (Doc. 144)("Motion for Sanctions/to Compel"). The

primary issue is whether the Court should enter default judgment for Applied Capital and against

Scogin because he failed to appear for his deposition. Because the Court believes that some sanction

is appropriate, but that a default judgment is too drastic at this early stage of the litigation, the Court

will grant the motion in part and deny the motion in part, grant Applied Capital's request for

reimbursement of fees and costs, and order Scogin to present himself for a deposition in Albuquerque,

New Mexico within the thirty days of the date of this Order.

## PROCEDURAL BACKGROUND

Applied Capital represents that it located Scogin in Lawrenceville, Illinois, a town in the federal Southern District of Illinois near the Indiana border. See Motion for Sanctions/to Compel at 1. Applied Capital alleges that the Lawrenceville County Sheriff's Department served Scogin with a summons and complaint on July 19, 2006. See id. at 2. Applied Capital maintains that the County Sheriff's Department did not serve Scogin at the address on the summons, because he came to the Sheriff's office to accept service after a Deputy Sheriff left a message with his family that he needed to contact the office. See id. The Lawrenceville County Sheriff's Department has allegedly advised counsel for Applied Capital that Scogin's immediate family lives at the address on the summons. See id. Applied Capital further alleges that it served written discovery requests on Scogin on August 9, 2006, and that Scogin has not responded to those requests. See id. at 1.

The Clerk of the Court, Matthew Dykman, entered default against Scogin on September 20, 2006, based upon his failure to answer or otherwise respond to Applied Capital's Complaint. See Clerk's Entry of Default at 1, filed September 20, 2006 (Doc. 138). To date, Applied Capital has not applied to the Court requesting that it enter judgment on the entry of default.

Applied Capital scheduled Scogin's deposition for the purpose of interrogating him about the allegations of fraud and other improper conduct described in Applied Capital's Complaint. On September 27, 2006, Applied Capital served on Scogin a notice that it would take his deposition on Tuesday, October 17, 2006, beginning at 9:00 a.m., at a court reporter's office in Evansville, Indiana. See Notice of Deposition at 1 (served September 27, 2006). Evansville is near the Illinois border and within 100 miles of Lawrenceville, Illinois; it is the closest city to Lawrenceville that has an airport. See Motion for Sanctions/to Compel at 1-2; Fed. R. Civ. P. 45(B)(2).

-2-

Applied Capital represents that it believes Scogin received the September 27, 2006 deposition notice. <u>See</u> Motion for Sanctions/to Compel at 2. First, Applied Capital alleges that it mailed the deposition notice to the address shown on the summons that it served on Scogin. <u>See</u> <u>id.</u> at 2. Second, this address is the same that counsel for Applied Capital allegedly has been using -- since it served Scogin on July 19, 2006 – to serve him with copies of papers that it has filed with the Court. <u>See</u> <u>id.</u> Applied Capital alleges that the post office has not returned any of this mail as undeliverable. <u>See</u> <u>id.</u> Third, Applied Capital maintains that the post office did not return the deposition notice as undeliverable. <u>See</u> <u>id.</u> Fourth, Scogin has not advised the Court or, allegedly, counsel for Applied Capital that it should use a different address to communicate with him. <u>See</u> <u>id.</u>

Applied Capital alleges that Scogin did not file a notice of non-appearance or motion for protective order to prevent or postpone the taking of his deposition, and that he otherwise did not notify counsel for Applied Capital that he could not or would not attend the deposition. <u>See</u> <u>id.</u> Allegedly, Scogin also did not contact Applied Capital's counsel or the court reporter to advise that he was delayed, could not find the office at which the deposition was scheduled, or otherwise was having any problems in appearing for his deposition. <u>See</u> <u>id.</u>

Applied Capital represents that it went to considerable expense arranging for its counsel to travel to Evansville for the purpose of taking Scogin's deposition. Applied Capital alleges that its counsel traveled to Evansville and was prepared to take Scogin's deposition at the noticed location on Tuesday, October 17, 2006. <u>See</u> <u>id.</u> at 3. Applied Capital's counsel allegedly arrived at the deposition location at approximately 8:40 a.m. and waited until 9:30 a.m. <u>See</u> <u>id.</u> Scogin did not, however, appear for his deposition, and Applied Capital's counsel made a court-reported statement to that effect at the deposition location. <u>See</u> Court Reporter's Transcript at 3:1-5:18 (taken October

-3-

17, 2006)

Applied Capital moves the Court for an order imposing sanctions against Scogin or, in the alternative, compelling him to appear in Albuquerque for his deposition.  See Motion for Sanctions/to Compel at 1, 3-4.  As a sanction for his failure to appear for his deposition, Applied Capital requests the Court to enter a default judgment against Scogin.  See id. at 3.  In the alternative, Applied Capital requests the Court to order Scogin to appear in Albuquerque within thirty days of the date of the Court's Order and submit to a deposition by Applied Capital.  See id. at 3-4.

In addition, Applied Capital requests the Court to order Scogin to reimburse Applied Capital for the expenses its counsel incurred traveling to Evansville for the October 17, 2006 deposition.  See id. at 4.  Applied Capital also asks for the attorneys' fees that it incurred in connection with its counsel's travel and appearance for the deposition on that day.  See id.  Finally, Applied Capital requests the Court to order Scogin to reimburse Applied Capital for the attorneys' fees incurred in bringing this motion.  See id.

Applied Capital represents that it "anticipates that in the near future it will be seeking entry of default judgments against the other Defendants; Applied Capital states that it understands that this procedure is a precondition to entry of a default judgment against any of the Defendants herein."  See id. at 3 n.1; 10 J. Moore, Moore's Federal Practice § 55.25  (3d ed. 2006).  Applied Capital states that, in the event the Court does not grant this relief, then in the alternative, and pursuant to rule 37(b)(2)(A), the Court should order that those allegations set forth in paragraphs 7, 12, 16, 19, 29-32, 46-49, 55, 58-63, 69-70, and 73-76 of Applied Capital's June 30, 2006 Fourth Amended Complaint are established against Scogin for purposes of this action.  See Motion for Sanctions/ to Compel at 3 n.1.

The deadline for Scogin to respond to the instant motion has passed and Scogin has not filed any response.  See D.N.M.LR-Civ. 7.1(b)(noting that failure to respond to an opposed motion within 14 days constitutes consent to grant the motion).  On November 14, 2006, Applied Capital filed a Notice of Failure to Respond to Motion for Sanctions and/or to Compel Against Defendant Gerald Lee Scogin, Jr. (Doc. 153)("Notice of Failure to Respond"), notifying the Court of Scogin's failure to respond to Applied Capital's motion.  See Notice of Failure to Respond at 1.  Applied Capital submits with the Notice a proposed order that would grant the motion.  See id. attached Order.

## RULE 37

"An appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)(citing Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  "Even a pro se litigant must follow the same rules of procedure that govern other litigants."  Santistevan v. Colo. Sch. of Mines, 150 Fed. Appx. 927, 931 (10th Cir. 2005)("Further, we find support for the district court's finding of willful failure to comply with court orders.  Plaintiff was obligated by court rules to notify the court of any address change, yet he failed to keep in contact with his attorney or the court.")(citation and internal quotations omitted).  "Although dismissal is . . . a drastic sanction," the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)(citation omitted).

Rule 37(d) of the Federal Rules of Civil Procedure provides:

If a party . . . fails (1) to appear before the officer who is to take the deposition after being served with proper notice, . . . the Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under (A), (B), and (C) of subdivision (b)(2) of this

rule. . . .  In lieu of any order or in addition thereto, the Court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(d).  Rule 37(b) provides that sanctions are available against a party who fails to

obey a court order issued pursuant to a motion to compel filed under rule 37(a).  The sanctions

available to the Court pursuant to rule 37 include: (i) deeming established certain facts that the

moving party was seeking to establish; (ii) prohibiting the disobedient party from introducing certain

matters into evidence; (iii) striking pleadings; (iv) issuing a stay until the order is obeyed; (v)

dismissing the action; or (vi) treating the disobedient party's failure to comply as contempt of court.

See Fed. R. Civ. P. 37(b)(2)(A)-(D).

The United States Court of Appeals for the First Circuit has stated concerning sanctions:

> To be sure, dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme.  See  Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988). We have recognized, however, that disobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.  Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).  Still, dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.  See  Tower Ventures, 296 F.3d at 46.

Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

Before imposing dismissal as a sanction, the court must consider the following factors:

> The degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.  Id. These factors do not constitute a "rigid test," but rather represent criteria to guide the court in its decision. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). . . .  Only when these factors outweigh the judicial

system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.  Id.

Connelly v. Kehoe, No. 96-2284, 1998 U.S. App. LEXIS 1951, at *5-6 (10th Cir. February 12, 2006)(affirming dismissal of case as sanction, where plaintiff "repeatedly failed to cooperate in the discovery process and obey court orders and rules, which [] resulted in delaying [the] proceedings" and where "[d]espite the Magistrate's explicit warning of dismissal, [plaintiff] failed to comply with the discovery order, missed a scheduled settlement conference, and failed to timely file responses to defendants' summary judgment motions").

## ANALYSIS

On October 25, 2006, Applied Capital filed, and served on Scogin, its motion, which concerns Scogin's failure to appear for his deposition on Tuesday, October 17, 2006.  Pursuant to Local Rule 7.1(b), Scogin's continuing failure to file and serve any response in opposition to Applied Capital's motion to compel constitutes his consent to the Court's granting of Applied Capital's motion.  Scogin otherwise has not contacted Applied Capital or its counsel concerning his deposition or the motion.  Under Local Rule 7.4, a movant must request the concurrence of a pro se party and must recite that concurrence was refused or explain why concurrence could not be obtained.  See D.N.M.LR-Civ. 7.4. Because Scogin has not responded to Applied Capital's past filings and correspondence, the Court will assume that the seeking of concurrence here would not have been fruitful and will consider the motion despite Applied Capital's apparent non-compliance with Local Rule 7.4.

Applied Capital moves the Court to enter an order sanctioning Scogin by entering a default judgment against him or, in the alternative, compelling him to appear in Albuquerque to give his deposition, and awarding Applied Capital its attorneys' fees.  While the Court could, under the local rules, deem this motion unopposed and grant it, because Scogin is pro se, the Court has independently

reviewed the motion on the merits.  Except for the request for a default judgment, the Court finds that the motion otherwise is well taken and will grant it.

Scogin cannot ignore discovery requests and motions without consequences.  The federal courts take their discovery rules seriously, and Scogin cannot ignore Applied Capital's requests and motions.  Scogin must bear the reasonable attorneys' fees and costs that Applied Capital has incurred as a result of his failure to respond to its discovery requests.  Moreover, he must make himself available in Albuquerque for a deposition within thirty days of the date of this order.

On the other hand, the case is still in its early stages, and the entry of a default judgment is the most draconian of sanctions.  The Court should be reluctant about choosing this sanction unless and until it is convinced that no other remedy will assure that the parties will be able to meet their discovery obligations.  The Court will give Scogin another opportunity to respond to this discovery before entering a default judgment.  If Scogin does so, the Court will reduce the fees and costs that he must reimburse Applied Capital.  Scogin is warned, however, that, if he fails to comply with this Order, the Court may enter default judgment against him and/or deem certain allegations in Applied Capital's Complaint admitted.

**IT IS ORDERED** that Plaintiff Applied Capital, Inc.'s Motion for Sanctions and/or to Compel against Defendant Gerald Lee Scogin, Jr. is granted in part and denied in part.  Scogin shall appear in Albuquerque for his deposition within thirty days from the date of this Order, on a date that Applied Capital's counsel shall select.  Scogin shall also reimburse Applied Capital for: (i) the expenses its counsel incurred traveling to Evansville for the scheduled October 17, 2006 deposition of Scogin; (ii) the attorneys' fees that its counsel incurred in connection with traveling to and from Evansville and appearing for the deposition that day; and (iii) attorneys' fees its counsel incurred in

bringing this motion.  If Scogin presents himself for a deposition as herein required, he is not required to pay for the expenses set forth in (i) and (ii) in the prior sentence, except that he must reimburse Applied Capital for the time its counsel spent at the deposition and any court reporter costs.  If Applied Capital and Scogin cannot agree on the amount that Scogin will reimburse Applied Capital, Applied Capital may file a motion for an award of its costs and attorneys' fees within ten days of the date of this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Henry M. Bohnhoff
Bryan J. Davis
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Francis Gibson
Hailey, Idaho

     *Pro se Defendant*

Mike Alarid, Jr.
The Alarid Law Firm, P.C.
Albuquerque, New Mexico

     *Attorney for Defendant Gary Bellinger*

Brian Ambrose
Laguna Beach, California

     *Pro se Defendant*

Robert A. Johnson
Johnson & Nelson, P.C.
Albuquerque, New Mexico

      *Attorney for Defendants Kirk Voyle*
      *and Heritage Commercial Services, Inc.*

Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

      *Pro se Defendant*

Justin Herman
Geotech Thermal Generator, Inc.
Delary Beach, Florida
-- and --
Pittsburg, Pennsylvania

      *Pro se Defendant*

New Energy Co. LLC
Sheridan, Wyoming

      *Pro se Defendant*

Edward Presley
New Energy Co. LLC
Sheridan, Wyoming

      *Pro se Defendant*