# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

   Plaintiff,

vs.            No. CIV-05-0098 JB/ACT

FRANCIS GIBSON; GARRY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES, INC.;
EDWARD L. PRESLEY,
GERALD LEE SCOGIN, JR.; GRIZZLY DRILLING, INC.;
JUSTIN HERMAN, NEW ENERGY CO., L.L.C., and

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Sanctions Against Defendant Gibson, filed November 21, 2006 (Doc. 156). The primary issue is whether the Court should order that the facts to which Plaintiff Applied Capital asked Defendant Francis Gibson to admit in its August 8, 2006 First Set of Interrogatories, Requests for Admission, and Requests for Production are established against him for purposes of this action. Because Gibson is not responding to Applied Capital's discovery requests, and because he is thwarting Applied Capital's ability to move this case toward resolution, the Court will grant Applied Capital's motion in part and deny it in part.

## PROCEDURAL BACKGROUND

Gibson has not complied with the Court's November 3, 2006 Order compelling discovery. See Memorandum Opinion and Order at 4-5, filed November 3, 2006 (Doc. 149). On Tuesday, November 21, 2006, Applied Capital filed this Motion for Sanctions with the Court and served the motion on Gibson. See Notice of Failure to Respond to Motion for Sanctions Against Defendant

Gibson, filed December 11, 2006 (Doc. 159)("Notice").  The deadline for Gibson to respond to the motion was December 8, 2006, but he did not file any response.  See D.N.M.LR-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days after service of the motion.").  Gibson otherwise has not contacted Applied Capital or its counsel concerning the motion.  See Notice at 1.

Pursuant to Local Rule 7.1(b), Gibson's failure to file and serve any response in opposition to Applied Capital's motion for sanctions on or before December 8, 2006 constitutes his consent to the Court's granting of Applied Capital's motion.  See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  On December 11, 2006, Applied Capital notified the Court of Gibson's failure to respond in any manner to the Motion for Sanctions.  See Notice at 1.

## LAW REGARDING SANCTIONS FOR NON-COOPERATIVE DISCOVERY

With respect to requests for admission, rule 36(a) of the Federal Rules of Civil Procedure provides that the matter that is the subject of a request for admission

> is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree upon in writing, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a).  An admitted matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  The court may permit withdrawal or amendment of an admission "when [i] the presentation of the merits of the action will be subserved thereby and [ii] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  Id.  See Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005); Perez v. Miami-Dade County,

297 F.3d 1255, 1265 (11th Cir.2002); Treff v. Cook, No. 95-4082, 1995 WL 675400, at *1 (10th Cir. November 13, 1995)(upholding district court's deeming of facts as admitted and refusal to subsequently withdraw those admissions).

With respect to dismissal, pursuant to rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, as a sanction for failing to comply with discovery, such has been upheld because it "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995). "A default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of wilfulness, bad faith, or some fault of petitioner rather than inability to comply. A willful failure is an intentional failure rather than involuntary noncompliance." Fed. Deposit Ins. Corp. v. Daily, 973 F.2d 1525, 1530 (10th Cir. 1992).

## ANALYSIS

Gibson has repeatedly ignored his discovery obligations. Even though Gibson can be deemed to have consented to Applied Capital's motion, the Court has also carefully reviewed Applied Capital's motion on the merits. The Court finds that Applied Capital's motion has force and will grant the motion insofar as it requests that the Court deem certain facts admitted, giving Applied Capital part of the relief that it seeks in its motion. While Gibson has been uncooperative during the discovery process thus far, the Court does not yet believe that default judgment is warranted.

Applied Capital submitted a proposed order that would grant its motion. The Court asks Applied Capital to resubmit it, listing precisely the facts that the Court will deem admitted. With such an order, the Court, Applied Capital, and Gibson will know with precision what facts are deemed admitted for purposes of this case. The form of order shall include only those facts that Applied

-3-

Capital sought discovery in its written discovery.

**IT IS ORDERED** that the Plaintiff's Motion for Sanctions Against Defendant Gibson is granted in part and denied in part. The Court will deem certain facts on which the Plaintiff has sought discovery to be admitted. The Court will deny the request for a default judgment at this time. The Plaintiff will submit a form of order listing with precision the facts that the Court shall deem admitted. The form of order shall include only those facts that Applied Capital sought in its written discovery.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Henry M. Bohnhoff
Bryan J. Davis
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

     *Attorney for the Plaintiff*

Francis Gibson
Hailey, Idaho

     *Defendant pro se*

Robert A. Johnson
Johnson & Nelson, P.C.
Albuquerque, New Mexico

     *Attorney for Defendants Kirk Voyles*
      *and Heritage Commercial Services, Inc.*

Brian Ambrose

Laguna Beach, California

     *Defendant pro se*

Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

     *Defendant pro se*

Justin Herman
Pittsburgh, Pennsylvania

     *Defendant pro se*

New Energy Co., L.L.C.
Sheridan, Wyoming

     *Defendant pro se*

Edward Presley
New Energy Co. L.L.C.
Sheridan, Wyoming

     *Defendant pro se*