IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

        Plaintiff,

vs.	No. CIV-05-0098 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES, INC.;
GERALD LEE SCOGIN, JR; GRIZZLY DRILLING, INC.;
JUSTIN HERMAN, NEW ENERGY CO., L.L.C., and
EDWARD L. PRESLEY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Award of Costs and Attorneys Fees, filed December 11, 2006 (Doc. 160)("Motion"). The primary issue is whether the Court should order Defendants Francis Gibson and Gerald Lee Scogin, Jr. to pay Plaintiff Applied Capital, Inc. specific amounts of costs and attorneys' fees that Applied Capital incurred because Gibson and Scogin failed to appear at their scheduled depositions, and because Applied Capital was required to prepare a motion to compel. Because Gibson and Scogin did not respond to this motion, because their failure to file a response is deemed to constitute consent to this motion, and because the award of a specific amount of costs and fees to Applied Capital is appropriate, the Court will order Gibson to pay $785.53 to Applied Capital and will order Scogin to pay $561.09 to Applied Capital.

**PROCEDURAL BACKGROUND**

By Order entered on November 27, 2006, the Court ordered Gibson to reimburse Applied Capital for the time its counsel spent at the attempted deposition of Gibson in Twin Falls, Idaho, on October 19, 2006; for the court reporter's fee for appearing at the attempted deposition; and for the attorneys' fees it incurred in bringing its October 25, 2006 motion to compel and/or for sanctions against Gibson. See Memorandum Opinion and Order at 8-9, filed November 27, 2006 (Doc. 157)("Gibson Order").  By Order entered on the same date, the Court ordered Scogin to reimburse Applied Capital for the time its counsel spent at the attempted deposition of Scogin in Evansville, Indiana, on October 17, 2006; for the court reporter's fee for appearing at the attempted deposition; and for the attorneys' fees it incurred in bringing its October 25, 2006 motion to compel and/or for sanctions against Scogin. See Memorandum Opinion and Order at 8-9, filed November 27, 2006 (Doc. 158)("Scogin Order").  In the November 27, 2006 Orders, the Court stated that, if Applied Capital could not reach agreement with Gibson and Scogin over the reimbursement amounts, Applied Capital could file a motion for an award of its costs and attorneys' fees. See Gibson Order at 9; Scogin Order at 9.

On November 28, 2006, Applied Capital's counsel sent letters to Gibson and to Scogin, requesting reimbursement for these expenses. See Motion, Exhibit 1, Letter from Henry M. Bohnhoff to Francis Gibson (dated November 28, 2006); Motion, Exhibit 2, Letter from Henry M. Bohnhoff to Gerald Lee Scogin, Jr. (dated November 28, 2006).  Applied Capital requested $785.53 from Gibson and $561.09 from Scogin.  Applied Capital detailed the basis for these reimbursement requests in the letters and in its counsel's billing statement for October 2006, a redacted copy of which Applied Capital submitted to the Court. See Motion, Exhibit 3, Billing Statement for Client

#13696 Applied Capital, LLC Matter #45576 Francis Gibson at 2-4 (October 17, 19, 23, 24, 25, 2006)(redacted).

Applied Capital alleges that Gibson and Scogin have not paid these amounts. See Motion at 2. Moreover, Applied Capital represents that neither Gibson nor Scogin has contacted Applied Capital or its counsel to object or to otherwise discuss the reimbursement or satisfaction of the Court's Orders. See id. Applied Capital moves the Court to award it certain costs and attorneys' fees against Gibson and Scogin. By this motion, Applied Capital's counsel represents to the Court that his hourly billing rate is reasonable for attorneys of comparable experience engaged in commercial litigation in Albuquerque, New Mexico. See id.

The deadline for Gibson and Scogin to respond to the motion was January 3, 2007, but they have not filed any response. See D.N.M.LR-Civ. 7.6(a) ("A response must be served within fourteen (14) calendar days after service of the motion."). Indeed, neither Gibson nor Scogin responded in any way to Applied Capital's motion. Pursuant to Local Rule 7.1(b), Gibson's and Scogin's failure to do so constitutes their consent to granting Applied Capital's motion. See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

On January 3, 2007, Applied Capital filed a Notice of Failure to Respond to Motion for Award of Costs and Attorneys Fees, notifying the Court of the failure of Gibson and Scogin to respond in any manner to the Motion for Award of Costs and Attorneys Fees that Applied Capital filed with the Court and served on them on December 11, 2006. See Notice of Failure to Respond to Motion for Award of Costs and Attorneys Fees at 1, filed January 3, 2007 (Doc. 165). According to the Notice, Gibson and Scogin have not contacted Applied Capital or its counsel concerning the

Motion. See id. Applied Capital submitted with the Notice a proposed order that would grant its motion. See id., Order.

## RULE 37

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the court to sanction a party for not complying with a discovery order. Rule 37(b) provides:

> [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b). Under Rule 37(b), the burden of showing substantial justification and special circumstances is on the party being sanctioned. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). Aktipis v. Loyola University of Chicago, No. 98-3005, 1999 WL 675400, at *1 (7th Cir. 1999)(upholding district court's awarding of attorney's fees and costs under rule 37(b)); O'Neill v. AGWI Lines, 74 F.3d 93, 96 (5th Cir. 1996)(upholding district court's awarding of attorney's fees pursuant to rule 37(b)).

## ANALYSIS

Because Gibson and Scogin have not responded to Applied Capital's motion or filed a motion for extension of time within which to respond, they have effectively consented to the granting of the motion. See D.N.M.LR-Civ. 7.1(b). Thus, the Court could deem Gibson and Scogin to have consented to this motion, and, without further analysis, grant Applied Capital's motion. Nevertheless, because Gibson and Scogin are proceeding pro se, the Court has also reviewed the merits of Applied Capital's motion. Under that analysis, the Court agrees with Applied Capital that the order requested is appropriate and that there is merit to Applied Capital's motion. The Court will thus grant the

motion.

With respect to rule 37's reasonableness requirement, the hourly billing rate for Applied Capital's counsel of $210.00 per hour is reasonable for attorneys of comparable experience in commercial litigation in Albuquerque. Further, the amount of time that Applied Capital's counsel spent attempting to take the depositions and drafting the motion to compel, and the court reporters' appearance fees of $95.00 for Gibson's deposition and of $76.01 for Scogin's deposition, were also reasonable. The Court therefore finds that the amounts requested are reasonable. Additionally, the Court notes that Gibson and Scogin have not shown the Court any substantial justification or special circumstances that would make the sanction award or its amount unjust.

**IT IS ORDERED** that the Plaintiff's Motion for Award of Costs and Attorneys Fees is granted. Defendant Francis Gibson shall pay Applied Capital $785.53, and Defendant Gerald Lee Scogin, Jr. shall pay Applied Capital $561.09, within ten days of the date of this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Henry M. Bohnhoff
Bryan J. Davis
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Francis Gibson

Hailey, Idaho

>   *Defendant pro se*

Michael Alarid, Jr.
The Alarid Law Firm, P.C.
Albuquerque, New Mexico

>   *Attorney for Defendant Gary Bellinger*

Brian Ambrose
Laguna Beach, California

>   *Defendant pro se*

Robert A Johnson
Johnson & Nelson, P.C.
Albuquerque, New Mexico

>   *Attorney for Defendants Kirk Voyles*
>   *and Heritage Commercial Services, Inc.*

Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

>   *Defendant pro se*

Justin Herman
Pittsburgh, Pennsylvania

>   *Defendant pro se*

New Energy Co., L.L.C.
Sheridan, Wyoming

>   *Defendant pro se*

Edward Presley
New Energy Co., L.L.C.
Sheridan, Wyoming

>   *Defendant pro se*