## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

       Plaintiff,

vs.                                 No. CIV 05-0098 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES, INC.;
GERALD LEE SCOGIN, JR.; GRIZZLY DRILLING, INC.;
JUSTIN HERMAN, NEW ENERGY CO., L.L.C., and
EDWARD L. PRESLEY,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Compel and for Sanctions Against Defendant Presley, filed January 11, 2007 (Doc. 167)("Motion"). The primary issues are: (i) whether the Court should sanction Defendant Edward L. Presley, because of his failure to appear at his scheduled deposition, by requiring him to appear for deposition in Albuquerque, New Mexico on a date Plaintiff Applied Capital, Inc. selects; and (ii) whether the Court should compel Presley to produce immediately all documents responsive to Applied Capital's document requests. Because the Court determines that Presley has not offered a sound excuse for his failure to attend his deposition or to provide the requested documents, the Court will grant Applied Capital's motion.

### PROCEDURAL BACKGROUND

On October 18, 2006, Applied Capital began Presley's deposition in Casper, Wyoming. <u>See</u> Motion at 2. At Presley's request, and upon his agreement to continue his deposition at a later date,

Applied Capital's counsel recessed the October 18, 2006 deposition in the middle of the afternoon. See id. On November 14, 2006, Applied Capital scheduled Presley's deposition to resume on November 28, 2006, in Casper. See id., Exhibit 3, Amended Notice of Continued Deposition.

On November 24 and 27, 2006, Presley advised counsel for Applied Capital, via e-mail, that he would not be appearing on November 28, 2006. See Motion, Exhibit 4, E-mail from Ed Presley to Hank Bohnhoff (dated November 27, 2006)("November 27, 2006 E-mail"); Motion, Exhibit 4, E-mail from Ed Presley to Hank Bohnhoff (dated November 24, 2006)("November 24, 2006 E-mail"). Based on Presley's e-mail correspondence, Applied Capital's counsel did not travel to Wyoming and, instead, vacated the deposition. See Motion at 2. Applied Capital rescheduled resumption of Presley's deposition for December 22, 2006. See id., Exhibit 5, Second Amended Notice of Continued Deposition. On December 20, 2006, Presley notified counsel for Applied Capital, via e-mail, that he would not appear for the December 22, 2006 deposition. See Motion, Exhibit 2, E-mail from Ed Presley to Hank Bohnhoff (dated December 20, 2006)("December 20, 2006 E-mail"). With respect to both the November 28, 2006 and December 20, 2006 scheduled depositions, Presley based his non-appearance on the alleged imminent sale of mineral rights belonging to his company, New Energy. See Motion at 2 n.1; December 20, 2006 E-mail; November 27, 2006 E-mail; November 24, 2007 E-mail. If that sale happened, the transaction could generate funds with which to settle this action. See December 20, 2006 E-mail; November 27, 2006 E-mail. No sale, however, has occurred and it is Applied Capital's understanding that no sale can reasonably can be expected to occur, because, as reflected on the docket of In re New Energy Co., No. 04-22426 (Bankr. D. Wyo.), such a sale has been discussed for over a year without materializing, see Motion at 2 n.1.

A winter storm developed over the western United States during the week of December 18-

24, 2006, which likely would have made it difficult for Applied Capital's counsel to travel to Wyoming for the scheduled December 22, 2006 Presley deposition.  <u>See</u> Motion at 3.  In canceling the deposition, however, Presley did not cite inclement weather.  <u>See</u> December 22, 2006 E-mail.

Applied Capital represents that Presley's cancellations of his depositions have caused it to incur unnecessary expenses and delay.  <u>See</u> Motion at 3.  Moreover, Applied Capital notes that, because discovery has ended, Presley may only be deposed pursuant to an order granting a motion to complete his deposition.  <u>See</u> <u>id.</u>  Applied Capital requests that the Court, pursuant to rule 37(d) of the Federal Rules of Civil Procedure, be ordered to appear in Albuquerque, on a date Applied Capital selects, to complete his deposition.  <u>See</u> <u>id.</u>

Regarding Applied Capital's document requests, on November 17, 2006, Applied Capital served Presley with a set of rule 34 document requests.  <u>See</u> Motion at 1; Motion, Exhibit 1, Plaintiff's Second Set of Requests for Production to Defendant Edward L. Presley.  The deadline for Presley to respond to the discovery requests and to produce documents was December 22, 2006. <u>See</u> Motion at 1; Fed. R. Civ. P. 6(a) and (e); Fed. R. Civ. P. 34(b).  Despite Applied Capital's e-mail reminders to Presley of its pending request and the requirement that he produce requested documents, Presley has not responded to the document requests.  <u>See</u> Motion at 2.  While Presley suggested on December 21, 2006 that he would produce at least some of the requested documents, he has not produced anything.  <u>See</u> <u>id.</u>

Applied Capital moves the Court, pursuant to rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, for an order compelling Presley to respond to the document requests it has served upon him.  <u>See</u> Motion at 2.

## **RULE 37**

Rule 37(a)(2)(B) provides that "if a party, in response to a request for inspection submitted

under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). Rule 37(d) states:

> If a party . . . fails [i] to appear before the officer who is to take the deposition, after being served with a proper notice . . ., or [ii] to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just. . . .

Fed. R. Civ. P. 37(d). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir.1992).

## ANALYSIS

Presley has not filed a written opposition to the motion, thus making it difficult for the Court to determine fully why he is not responding to discovery. While the Court acknowledges that Presley believes he will be able to settle this case and does not want to litigate while he is trying to fund a settlement, the Court does not believe it should halt discovery while the parties are trying to settle this case. Because no settlement appears to have materialized, the Court will grant Applied Capital's motion for the discovery requested.

### 1.    Presley Has Not Responded to this Motion.

Presley has not filed a written response in opposition to Applied Capital's motion. Under the United States District Court for the District of New Mexico's local civil rules, a party's failure to file a written response in opposition to a motion within the time allowed constitutes consent to grant the motion. See D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). While the Court would be on solid ground granting this motion based on Presley's failure

to respond, because Presley is proceeding pro se, the Court has also carefully reviewed the merits of Presley's motion.

      **2.**      <u>**Documents**</u>.

Applied Capital requests that the Court enter an order compelling Presley immediately to produce all documents responsive to the requests. <u>See</u> Motion at 2. Presley has not offered any reason that he should not produce the requested documents, and the Court does not, on its own, see any reason on the record before it. Accordingly, the Court will require Presley to produce all documents responsive to Applied Capital's requests immediately. <u>See Ehrenhaus v. Reynolds</u>, 965 F.2d at 920 (stating that the district court is in the best position to determine which discovery sanctions are appropriate).

      **3.**      <u>**Deposition**</u>.

Concerning Presley's cancellations of his deposition, the possible sale of New Energy's mineral leases does not provide adequate justification for his refusal to appear for his deposition. Presley's cancellation of the December 22, 2006 deposition was also untimely and improper. <u>See</u> D.N.M.LR-Civ. 30.2 ("Failure of a deponent to appear at the time and place designated may be regarded as a willful failure to appear . . . or contemptible conduct . . ., unless a motion for protective order and a notice of non-appearance is served at least five (5) calendar days before the scheduled deposition."). Applied Capital moves the Court to order Presley to appear in Albuquerque to complete his deposition on a date that Applied Capital's counsel selects. <u>See</u> Motion at 3. As a sanction for obstructing Applied Capital's efforts to complete discovery, the Court will grant Applied Capital's request. Presley will be required to appear in Albuquerque for the completion of his deposition on a date that Applied Capital's counsel selects. <u>See Ehrenhaus v. Reynolds</u>, 965 F.2d at 920 (stating that the district court is in the best position to determine which discovery

sanctions are appropriate).

**IT IS ORDERED** that the Plaintiff's Motion to Compel and for Sanctions Against Defendant Presley is granted.  Defendant Edward L. Presley shall produce immediately all documents responsive to the Plaintiff's November 17, 2006 document request and shall appear in Albuquerque for the completion of his deposition on a date that the Plaintiff's counsel selects.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Henry M. Bohnhoff
Bryan Jerdone Davis
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Francis Gibson
Hailey, Idaho

*Defendant pro se*

Michael Alarid, Jr.
The Alarid Law Firm, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Gary Bellinger*

Robert A. Johnson
Johnson & Nelson, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Kirk Voyles and
  Heritage Commercial Services, Inc.*

-6-

Grizzly Drilling, Inc.

       *Defendant pro se*

Brian Ambrose
Laguna Beach, California

       *Defendant pro se*

Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

       *Defendant pro se*

Justin Herman
Pittsburg, Pennsylvania

       *Defendant pro se*

New Energy Co. LLC
Sheridan, Wyoming

       *Defendant pro se*

Edward Presley
c/o New Energy Co. LLC
Sheridan, Wyoming

       *Defendant pro se*