## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

APPLIED CAPITAL, INC.,

    Plaintiff,

vs.                                                  No. CIV 05-98 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES, INC;
GERALD LEE SCOGIN, JR.; GRIZZLY DRILLING, INC.;
JUSTIN HERMAN, NEW ENERGY CO., L.L.C., and
EDWARD L. PRESLEY,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Applied Capital, Inc.'s Motion for Default Judgment Against Francis Gibson as a Sanction for Discovery Abuse and Memorandum in Support, filed February 2, 2007 (Doc. 172) ("Motion"). The Court held a hearing on this motion on July 31, 2007. See Transcript of Hearing (taken July 31, 2007).[1] The primary issue is whether the Court should enter default judgment against Gibson as a sanction for failing to respond to Applied Capital's discovery demands. Because the Court has entered a summary judgment against Gibson on liability issues, this motion is moot, and the Court will deny this motion.

### PROCEDURAL BACKGROUND

The Court previously sanctioned Gibson and warned him that it may enter default judgment against him as a sanction for his continued disregard of discovery obligations. See Memorandum Order and Opinion at 8, filed November 27, 2006 (Doc. 157). Applied Capital's counsel certifies,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

pursuant to D.N.M. LR-Civ. 7.4(a), that he did not seek Gibson's concurrence in this motion because it would be futile. See Motion at 2. Applied Capital represents that there is a lack of communication between Gibson and Applied Capital in this matter. See id.

Applied Capital moves the Court, pursuant to rule 37(b) of the Federal Rules of Civil Procedure, for entry of default judgment against Defendant Francis Gibson on the Fourth Amended Verified Complaint in the amount of $625,000.00 for his willful failure to comply with discovery obligations in this matter. See id. at 1. "Gibson has willfully failed to respond to written discovery and to appear for scheduled and court-ordered depositions." Motion at 1. Applied Capital contends that this amount is the amount that Applied Capital seeks as damages against all Defendants in this matter. See id. at 6.

On March 27, 2007, Applied Capital filed a Notice of Completion, giving notice that briefing on its Motion for Default Judgment against Defendant Gibson has been completed. See Doc. 196. Applied Capital filed its motion on February 2, 2007. See Doc. 172. Gibson has not filed a response.

## ANALYSIS

"A response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.6(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). By failing to file a written opposition to Applied Capital's motion, Gibson has consented to default judgment against him.

Furthermore, it appears to the Court, from the record before the Court, that Gibson has willfully failed to respond to written discovery, and to appear for scheduled and court-ordered depositions. It also appears that, despite warnings from the Court, Gibson persists in ignoring the

rules of discovery and the Court's discovery orders.  See Memorandum Order and Opinion, filed November 3, 2006 (Doc. 149); Memorandum Order and Opinion, filed November 27, 2006 (Doc. 157); Memorandum Order and Opinion, filed January 30, 2007 (Doc. 169); Motion at 3-4.  While the Court is slow to grant default judgment, it appears that default judgment may be the only sanction left that can redress Gibson's discovery abuse and uphold the integrity of the discovery process.

Nevertheless, Applied Capital asks that the Court not grant this motion if it grants its motion for summary judgment:

> Applied Capital concurrently is filing motions for summary judgment against Gibson and the other remaining Defendants.  Applied Capital urges the Court to grant those motions, and resolve this entire matter on the merits.  This motion is filed in the alternative, and need be addressed only in the event summary judgment is not granted against Gibson.

Motion at 2 n.1.  Accordingly, the Court has first addressed Applied Capital's motion for summary judgment.  The Court prefers to address the merits of a case whenever possible rather than dispose of a matter on procedural or discovery issues.  Because the Court has decided to grant Applied Capital's motion for summary judgment on liability, the Court will deny this motion for a default judgment as a sanction for discovery abuse.

**IT IS ORDERED** that the Plaintiff Applied Capital, Inc.'s Motion for Default Judgment Against Francis Gibson as a Sanction for Discovery Abuse is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Henry M. Bohnhoff
Bryan J. Davis
  Rodey, Dickason, Sloan, Akin
& Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Francis Gibson
Hailey, Idaho

    *Defendant pro se*

Michael Alarid, Jr.
  The Alarid Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Gary Bellinger*

Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

    *Defendant pro se*

Justin Herman
Pittsburgh, Pennsylvania

    *Defendant pro se*

Robert A. Johnson
  Johnson & Nelson, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendants Kirk Voyles and*
      *Heritage Commercial Services, Inc.*

Brian Ambrose
Laguna Beach, California

    *Defendant pro se*

New Energy Co. LLC
Sheridan, Wyoming

    *Defendant pro se*

Edward Presley
New Energy Co. LLC
Sheridan,Wyoming

    *Defendant pro se*