**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

APPLIED CAPITAL, INC.,

    Plaintiff,

vs.                                                                            No. CIV 05-0098 JB/ACT

FRANCIS GIBSON; GARY BELLINGER;
BRIAN AMBROSE; KIRK VOYLES;
HERITAGE COMMERCIAL SERVICES, INC.;
GERALD LEE SCOGIN, JR.; GRIZZLY DRILLING, INC.;
JUSTIN HERMAN, NEW ENERGY CO., L.L.C., and
EDWARD L. PRESLEY,

    Defendants.

**ORDER**

    **THIS MATTER** comes before the Court on the Defendant Edward L. Presley's Emergency Request to Attend Evidentiary Hearing Via Video Conference from the Court Room at the US District Court House in Casper, WY, filed April 30, 2008 (Doc. 249)("Motion"). Defendant Edward L. Presley represents that he has no funds to travel to Albuquerque, New Mexico, to attend the hearing in person. See Motion ¶ 1, at 2. On the other hand, the Court does not believe that a telephone hearing is an effective substitute. Applied Capital argues, with some force, that it cannot effectively cross-examine Presley over the telephone. See Reply to Defendant Presley's March 5, 2008 Objection and Motions ¶ 6, at 5, filed March 13, 2008 (Doc. 244). The Court will not require Applied Capital to conduct its cross examination over the telephone.

    Presley also states that the Bankruptcy Court in Wyoming allows teleconferences and that, if the Court would allow him to participate in the hearing via teleconference, he has no objection to participating in such a hearing. See Objection to Applied Capital's Request for Punitive Damages,

Defendant's Motion to Deny Applied Capital's Request for Evidentiary Hearing and Motion for Expedited Ruling on the Matter at 7, filed March 5, 2008 (Doc. 243). Presley contends that a video conference addresses Applied Capital's concern about conducting cross examination over the telephone, because a videoconference allows the Court to swear him in, and allows Applied Capital to cross-examine him. See Motion ¶ 4, at 5. Applied Capital has no problem with a teleconference. Accordingly, the Court grants Presley's request to attend the hearing via videoconference.

**IT IS HEREBY ORDERED** that Defendant Edward L. Presley's Emergency Request to Attend Evidentiary Hearing Via Video Conference from the Court Room at the US District Court House in Casper, WY is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Henry M. Bohnhoff
Bryan Jerdone Davis
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Francis Gibson
Hailey, Idaho

    *Defendant pro se*

Brian Ambrose
Laguna Beach, California

    *Defendant pro se*

Gerald Lee Scogin, Jr.
Lawrenceville, Illinois

    *Defendant pro se*

Grizzly Drilling, Inc.
c/o Gerald Lee Scogin
Lovell, Wyoming

    *Defendant pro se*

Justin Herman
Pittsburgh, Pennsylvania

    *Defendant pro se*

New Energy Co. LLC
Sheridan, Wyoming

    *Defendant pro se*

Edward Presley
c/o New Energy Co., LLC
Sheridan, Wyoming

    *Defendant pro se*